**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES MURRAY,
                Plaintiff,

   v.                                    No. 05-CV-1113
                                          (FJS/DRH)

GLENN GOORD; SUPERINTENDENT,
Auburn Correctional Facility; and HEALTH
SERVICES DIRECTOR, Auburn Correctional
Facility; MEDICAL,[1]
                Defendants.

---

**APPEARANCES:**                       **OF COUNSEL:**

JAMES MURRAY
95-A-4417
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871-2000

HON. ANDREW M. CUOMO             SENTA B. SIUDA, ESQ.
Attorney General for the                Assistant Attorney General
   State of New York
Attorney for Defendant Goord
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[2]

---

    [1]The caption of the complaint also lists as defendants the "Superintendent of Auburn D Block Facility Company," "Security Staff," and "Those making rounds on Sept. 9, 2002." None of these individuals or groups are listed as defendants in the body of the complaint, however. See Compl. (Docket No. 1) at 1-2. Summonses have not been sought or issued for any of these individuals or groups. See Docket No. 9. None of these individuals or groups have otherwise appeared in the action. They are not, therefore, treated as parties herein.

    [2]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se James Murray ("Murray"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Glenn Goord ("Goord"), the DOCS Commissioner, and other DOCS employees,[3] violated his constitutional rights under the Eighth Amendment.  Compl. (Docket No. 1).  Presently pending is Goord's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 16.  For the following reasons, it is recommended that Goord's motion be denied.

## I. Background

The facts are related herein in the light most favorable to Murray as the non-moving party.  See subsection II(A) infra.

On or about September 11, 2002, Murray left Five Points Correctional Facility in transit to Auburn Correctional Facility.  Compl. at ¶ 6-2.  Murray was assigned a lower bunk bed in a medical order which defendants' ignored, transporting him on the upper bunk and exacerbating his medical condition.  Id.  After arriving at Auburn, defendants continued to assign Murray to upper bunks despite his medical order and, while getting out of bed, Murray fell and injured himself.  Id. at ¶ 6-11.  Murray's medical treatment was delayed and inadequate.  Id. at ¶¶ 6-12-6-18.  Additionally, defendants used excessive force when transporting him from Auburn back to Five Points.  Id. at ¶¶ 6-17-6-19.  Moreover, Murray was threatened with reprisals when he complained to correctional staff about his treatment

---

[3]Goord is the only defendant identified by name.  The others are identified only by job title or descriptions.  Only Goord has appeared in the action.  See Docket No. 15 (reporting that summonses returned unexecuted for remaining defendants).

and living conditions.  Id. at ¶ 6-9.  This action followed.

## II.  Discussion

In his complaint, Murray alleges in four causes of action that his Eighth Amendment rights were violated.  The four causes of action allege a failure to protect Murray (first), the denial of medical care (second), the excessive use of force (third), and cruel and unusual punishment (fourth), all in violation of the Eighth Amendment.  Goord moves to dismiss all claims on the grounds that Murray has failed properly to exhaust his claims through the Inmate Grievance Program ("IGP") and that he has failed adequately to plead Goord's personal involvement.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, "a 'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Gilfus v. Adessa, No. 5:04-CV-1368 (HGM/DEP), 2006 WL 2827132, at *3 (N.D.N.Y. 2006) (citing De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996) (internal quotations omitted)).  Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief.  See Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted).

### B. Exhaustion

As a threshold matter, Goord contends that Murray has failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006). This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief

4

requested by the inmate. Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). Exhaustion is generally achieved through the IGP.[4] See N.Y.Comp. Codes R. & Regs. tit. 7, § 701.1 et seq. (2001). However, when inmates fail to follow the IGP, there is a three-part inquiry to determine if:

> (1) [A]dministrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

Administrative remedies are unavailable when there is no "possibility of [] relief for the action complained of." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (citing Booth v. Churner, 532 U.S. 731, 738 (2001)). The test to determine the availability of an administrative remedy is an objective one asking whether "a similarly situated individual of ordinary firmness" would have deemed it accessible. Id. at 688. Courts have found unavailability "where plaintiff is unaware of the grievance procedures or did not understand it or where defendants' behavior prevents plaintiff from seeking administrative remedies." Hargrove v. Riley, No. CV-04-4587 (DST), 2007 WL 389003, at *8 (E.D.N.Y. 2007) (internal

---

[4] "The IGP is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] . . . within four working days of receipt of the superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir. 2004) (internal citations omitted).

citations omitted). However, transfer to a new facility[5] does not excuse a plaintiff's "failure to properly exhaust" a grievance within the previous one. Id. at *30; See also, Santiago v. Meinsen, 89 F. Supp. 2d 435, 441 (S.D.N.Y. 2000).

Here, Murray responded to question 4(b)[6] in his form complaint that he had not presented the facts relating to his complaint in the IGP. Compl. at 2. In his response to Goord's motion, however, Murray states that "I claim to have filed the grievances at Upstate Correctional Facility whereas I was supposed to do so in accordance to policy, custom and norms because that was the facility I was at at time that I filed grievances and appeal's." Pl. Affirm. (Docket No. 17) at ¶ II(c). Goord claims that Murray has not exhausted his administrative remedies because Murray's complaints arise out of incidents occurring at, and in transit between, Five Points and Auburn and he failed to file a grievance at either of these facilities. However, as noted, Murray's claims that he was housed at Upstate where, under N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a)(1), the grievances should have been filed regardless of where the alleged incidents occurred. Murray asserts that he in fact filed the grievances there. In light of Murray's pro se status and at the pleading stage, this suffices to overcome Murray's response in the complaint to question 4(b) and to defeat Goord's motion on this ground.

---

[5] IGP complaints "may only be filed at the facility where the inmate is housed even if it pertains to another facility." N.Y.Comp. Codes R. & Regs. tit. 7, § 701.5(a)(1).

[6] Question 4(b) of the Inmate Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 asks an inmate whether "you presented the facts relating to your complaint in [the IGP]." Compl. at 2.

6

## C.  Personal Involvement

Goord contends that Murray has failed to establish Goord's personal involvement.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Murray alleges that Goord was responsible for the creation of an inadequate policy for (1) transferring prisoners with medical lower bunk orders to other facilities and (2) ensuring that, upon arriving at the new facility, the facility was apprised of the prisoner's medical needs.  Compl. at ¶¶ 6-1, 6-2, 6-5.  Viewing these allegations as true and liberally construing the complaint, these allegations suffice to establish Goord's personal involvement in the creation and maintenance of those policies.  Thus, Murray has stated an actionable claim and Goord's motion to dismiss should be denied.

7

Additionally, even if Goord created an adequate policy under which no unconstitutional practices are occurred, liberally construing the complaint as mandated by Triestman, the complaint may be interpreted also to allege that Goord failed adequately to supervise those responsible for carrying out the medical transfer policies. For this reason as well, the complaint adequately alleges Goord's personal involvement.

Accordingly, Goord's motion on this ground should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that Goord's motion to dismiss (Docket No. 16) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 11, 2007
       Albany, New York

                                              *David R. Homer*
                                    United States Magistrate Judge