UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES MURRAY,

                              Plaintiff,

                               v.                               9:05-CV-1113
                                                             (FJS/DRH)

GLENN GOORD; SUPERINTENDENT,
Auburn Correctional Facility; HEALTH
SERVICES DIRECTOR, Auburn
Correctional Facility; and MEDICAL,

                              Defendants.
_____

**APPEARANCES**                                    **OF COUNSEL**

**JAMES MURRAY**
**95-A-4417**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **SENTA B. SIUDA, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204
Attorneys for Defendant Goord

**SCULLIN, Senior Judge**

## ORDER

      In a Report-Recommendation and Order dated October 11, 2007, Magistrate Judge Homer recommended that the Court deny Defendant Goord's motion to dismiss Plaintiff's complaint. *See* Dkt. No. 18. Defendant Goord filed objections to that recommendation. *See* Dkt. No. 19. Specifically, Defendant Goord argues that the Court should grant his motion

because "nowhere in the complaint does [P]laintiff actually allege [Defendant Goord's] personal involvement . . . ." *See id.* at ¶ 3. Defendant Goord also contends that it was improper for Magistrate Judge Homer to interpret the complaint as having alleged Defendant Goord's personal involvement. *See id.* The Court finds that these objections are without merit.

It is well-established that a court must liberally construe a *pro se* litigant's submissions and read them to raise the strongest arguments that they suggest consistent with the litigant's allegations. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Despite Defendant Goord's argument to the contrary, this standard requires the court to "interpret" a *pro se* plaintiff's complaint to state a claim as long as that interpretation is consistent with the allegations in that complaint. This is precisely what Magistrate Judge Homer did in this case. Based upon its independent review of the complaint, the Court agrees with Magistrate Judge Homer that Plaintiff's allegations are sufficient, at this stage of the litigation, to withstand a motion to dismiss.[1] Therefore, the Court hereby

**ORDERS** that Magistrate Judge Homer's October 11, 2007 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY**; and the Court further

---

[1] The Court has serious doubts about whether Plaintiff's allegations will withstand a motion for summary judgment. However, that does not preclude the Court from denying Defendant Goord's motion to dismiss.

**ORDERS** that Defendant Goord's motion to dismiss is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Homer for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: March 31, 2008
       Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Court Judge