**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES MURRAY,

                Plaintiff,

   v.                                             No. 05-CV-1113
                                                         (FJS/DRH)

GOORD; SUPERINTENDENT OF AUBURN
CORRECTIONAL FACILITY; and HEALTH
DIRECTOR, Auburn Correctional Facility,[1]

                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

JAMES MURRAY
95-A-4417
Plaintiff Pro Se
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO          HEATHER R. RUBINSTEIN, ESQ.
Attorney General for the             Assistant Attorney General
   State of New York
Attorney for Defendant Goord
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

---

[1] The caption of the complaint also lists as defendants the "Superintendent of Auburn D Block Facility Company," "Security Staff," and "Those making rounds on Sept. 9, 2002." Compl. (Docket No. 1). None of these individuals or groups are listed as defendants in the body of the complaint, however. See id. at 1-2. Summonses have not been sought or issued for any of these individuals or groups. See Docket No. 9. None of these individuals or groups have otherwise appeared in the action. Accordingly, in accordance with Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b), the complaint should be dismissed without prejudice as to those individuals and groups.

**REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff pro se James Murray ("Murray"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Goord ("Goord"), the DOCS Commissioner, and other DOCS employees,[3] violated his constitutional rights under the Eighth Amendment. Compl. (Docket No. 1). Presently pending is Goord's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket No. 26. Murray failed to respond to the motion. For the following reasons, it is recommended that Goord's motion be granted.

### I. Background

The facts are related herein in the light most favorable to Murray as the non-moving party. See subsection II(A) infra.

On or about September 11, 2002, Murray left Five Points Correctional Facility in transit to Auburn Correctional Facility. Compl. at ¶ 6-2. Murray was assigned a lower bunk bed in a medical order which defendants ignored, transporting Murray on an upper bunk and exacerbating his medical condition. Id. After Murray arrived at Auburn, defendants continued to assign Murray to upper bunks despite his medical order and, while getting out

---

[2]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3]Goord is the only defendant identified by name in the complaint. The other defendants are identified only by job title or description. Only Goord has appeared in the action. See Docket No. 15 (reporting that summonses were returned unexecuted for the remaining defendants). As to these remaining unidentified defendants, it is recommended that the complaint be dismissed as to them without prejudice pursuant to Fed. R. Civ. P. 49m) and N.D.N.Y.L.R. 4.1(b),

2

of bed, Murray fell and injured himself.  Id. at ¶ 6-11.  Murray's medical treatment was delayed and inadequate.  Id. at ¶¶ 6-12-18.  Additionally, defendants used excessive force when transporting him from Auburn back to Five Points.  Id. at ¶¶ 6-17-6-19.  Moreover, Murray was threatened with reprisals when he complained to correctional staff about his treatment and living conditions.  Id. at ¶ 6-9.  This action followed.

## II.  Discussion

In his complaint, Murray alleges in four causes of action that his Eighth Amendment rights were violated.  The four causes of action allege (1) a failure to protect Murray, (2) the denial of medical care, (3) the excessive use of force, and (4) cruel and unusual punishment, all in violation of the Eighth Amendment.  Goord moves for dismissal of all claims due to (1) Murray's failure to identify and serve the "John Doe" defendants, (2) the absence of any meritorious constitutional violations and Goord's personal involvement in such violations, and (3) Goord's qualified immunity.

### A. Legal Standard[4]

A"fter the pleadings are closed, a motion to dismiss for failure to state a claim may properly brought under Fed. R. Civ. P. 12(c) as a motion for judgment on the pleadings.

---

[4] As noted, Murray did not oppose defendants' motion.  Dismissal "should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  "The fact that there has been no response to a . . . motion does not. . . mean that the motion is to be granted automatically."  Id. at 436.  Even in the absence of a response, a defendant is entitled to judgment only if the material facts demonstrate entitlement to judgment as a matter of law.  Id.

Maggette v. Dalsheim, 709 F.2d 800, 801 (2d Cir. 1983)).  "The test for evaluating a [such a] motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998); Burke v. New York, 25 F. Supp. 2d 97, 99 (N.D.N.Y. 1998) (Munson, J.).

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant."  Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, a complaint containing conclusory allegations without factual support fails to meet even the liberal standard of Rule 12(b)(6).  De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996).  Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . .  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

4

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. Law of the Case

"[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983) (citations omitted). Thus, a prior decision in a case on a particular issue is afforded controlling precedent throughout later stages of the same litigation and a court is obligated to follow previous decisions in the same case when deciding subsequent motions. Id.

Goord moves here for judgment on the pleadings on the ground that the complaint fails to allege his personal involvement in the constitutional violations. Goord previously moved to dismiss the complaint for failure to allege his personal involvement and that motion was denied due to his alleged personal involvement in the policies concerning correctional staff compliance with previously issued lower bunk orders when transferring inmates. Docket Nos. 18-20. As noted in subsection II(A) supra, the standard for a motion for judgment on the pleadings is identical to that for a motion to dismiss. Thus, the current law of the case is that, construing the facts in the light most favorable to Murray, he has sufficiently alleged a claim against Goord to withstand a motion to dismiss. No new or additional facts or evidence have been submitted to transform the pending motion into a motion for summary

judgement. Thus, the issue presented remains the same as that presented in Goord's previous motion. See Docket No. 20 ("The Court has serious doubts about whether Plaintiff's allegations will withstand a motion for summary judgment. However, that does not preclude the Court from denying Defendant Goord's motion to dismiss.").

The prior motion sought to dismiss Murray's Eighth Amendment claims alleging deliberate indifference to his lower bunk order while in transit between facilities. As to this claim, Goord's motion for judgment on the pleadings should be denied on this ground.

### C. Personal Involvement

Goord also seek judgment on the ground of lack of personal involvement as to Murray's Eighth Amendment claims concerning (1) the medical treatment he received after falling from his upper bunk, (2) the failure of other corrections officers to protect him, (3) the excessive force he allegedly endured, and (4) the conditions of his confinement.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by

> failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Goord's employment as Commissioner does not automatically establish his personal involvement in the events alleged in the complaint. As previously stated, personal involvement requires more than a position of authority in a hierarchal structure. See Wright v. Smith, 21 F.3d at 501 (citations omitted). In this case, there are no allegations that Goord was directly or indirectly involved in the provision of Murray's medical care or his transport to the medical facility. The record is also devoid of any indications that Goord was involved, directly or indirectly, in the alleged excessive force incident or that he failed in some way to intervene. Additionally, there are no allegations that Goord created an unconstitutional policy or custom with regard to the provision of medical care or for transporting prisoners to medical from their cell. Finally, there are no allegations that Good negligently supervised any of his subordinates.

Accordingly, Murray has failed to allege Goord's personal involvement in any of the remaining alleged Eighth Amendment claims. Defendant's motion as to those claims should be granted.

### D. Qualified Immunity

Goord also contends that he is entitled to qualified immunity as to al claims. Qualified immunity generally protects government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). However, even if the constitutional privileges were clearly established, a defendant may still be protected by qualified immunity if it was objectively reasonable for the defendant to believe that his or her acts violated no rights. Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Thus, "[w]hen the facts, viewed in light most favorable to the plaintiff, do not demonstrate that an officer's conduct violated a constitutional right, the court need not further pursue the qualified immunity inquiry . . . ." Kelsey v. County of Schoharie, 567 F.3d 54, 62 (2d Cir. 2009).

Here, Murray fails to allege facts constituting constitutional violations as to all but his claim that Goord was deliberately indifferent to Murray's medical need for a lower bunk during transit. See subsections II(B) and (C) supra. As to those claims, then, Goord is entitled in the alternative to judgment on the pleadings on the ground of qualified immunity. Murray's claim as to Goord's alleged deliberate indifference to Murray's medical need for a lower bunk during transit, Goord is not entitled to judgment on the pleadings on the merits of that claim. See subsection B supra. His motion on this ground as to that claim thus requires a determination of whether the constitutional right allegedly violated was clearly established at the time of the alleged violation. Unlike Goord's motion on the merits of that

claim, Goord's motion here for qualified immunity on that claim was not previously made or determined and is not, therefore, governed by the law of the case.

In this regard, a court must consider "(1) whether the right in question was defined with reasonable specificity; (2) whether relevant decisional law supports the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his actions were lawful." Abdush-Shahid v. Coughlin, 933 F. Supp. 168, 185 (N.D.N.Y. 1996) (internal citations and quotations omitted). At the time in question, there is no doubt that prisoners had a constitutional right to adequate medical treatment. See generally Young-Flynn v. Wright, 2007 WL 241332, at *23 (S.D.N.Y. Jan. 26, 2007) (citations omitted).

The constitutional right claimed here is the Eighth Amendment right to be free from deliberate indifference to a medically necessitated lower bunk order during transit between institutions. As the Second Circuit has recently held,

> [t]he right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent. . . . This means that the Second Circuit or the Supreme Court has recognized the right. . . . .

Kennedy v. Lehman, __ F.3d __, 2009 WL 1262888, at *3 (2d Cir. may 6, 2009) (internal citations and quotation marks omitted). Research has discovered no cases addressing such issues prior to September 2002 when the events alleged in the complaint occurred.[5]

---

[5]In 2009, the Second Circuit affirmed a district court order dismissing a civil rights complaint by an inmate alleging that he had been denied a lower bunk despite a medical order on the ground that the inmate had failed to exhaust his administrative remedies. Cole v. Miraflor, 305 Fed.Supp. 781 (2d Cir. Jan. 8, 2009).

9

Thus, at the time in question, no Second Circuit or Supreme Court case clearly established the right claimed here by Murray. In these circumstances, it was not objectively reasonable for Goord to believe that his actions in this regard were unlawful. Abdush-Shahid, 933 F. Supp. at 185.

Accordingly, Goord's motion for judgment on the pleadings should be granted on this ground as to Murray's claim that Goord was deliberately indifferent to Murray's medically necessitated lower bunk .

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. Goord's motion for judgment on the pleadings (Docket No. 26) be **GRANTED** as to all claims; and

2. The complaint be **DISMISSED** without prejudice as to all other defendants pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  July 6, 2009  
         Albany, New York

_____  
David R. Homer  
U.S. Magistrate Judge